USCA1 Opinion

 

 April 24, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2256 EDWARD K. WOJNAR, Plaintiff, Appellant, v. DR. MARTIN J. BAUERMEISTER, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Edward P. Manning, Jr. on brief for appellant. ______________________ David W. Carroll and Roberts, Carroll, Feldstein & Peirce on __________________ _______________________________________ brief for appellee. ____________________ ____________________ Per Curiam. Appellant Edward K. Wojnar sued ___________ appellee Dr. Martin Bauermeister for injuries Wojnar allegedly sustained during the time he was held at the Rhode Island Adult Correctional Institutions. After a trial, the jury found for Dr. Bauermeister. Wojnar appeals a ruling by the trial court (Torres, J.) which granted Dr. Bauermeister's motion in limine to exclude evidence relating to a claim for medical negligence or medical malpractice. Dr. Bauermeister had asserted, and the district court agreed, that such evidence was inadmissable because Wojnar's amended complaint did not state a claim for negligence. Rather, the court found, the complaint charged Dr. Bauermeister with deliberate indifference to Wojnar's medical needs in violation of the Eighth Amendment to the United States Constitution. Wojnar makes three arguments on appeal. 1. Wojnar argues that Judge Torres' ruling directly contradicted an earlier order by a magistrate judge. This order denied Wojnar's motion to file a second amended complaint.1 According to Wojnar, the magistrate judge ruled  ____________________ 1. The second amended complaint set forth allegations of negligence. However, the denial of the motion to amend is not before us, Wojnar having failed to object within the 10- day time period set forth in 28 U.S.C. 636(b)(1)(A). See ___ United States v. Akinola, 985 F.2d 1105, 1108-09 (1st Cir. _____________ _______ 1993) (where a party does not object to a magistrate judge's order, the court of appeals has no jurisdiction to review it). -2- that a second amended complaint was unnecessary because the amended complaint already stated a claim for negligence. Judge Torres, however, determined that although the magistrate judge's order was ambiguous, the more reasonable interpretation was that the magistrate judge had denied the motion to amend because Dr. Bauermeister would have been prejudiced. Such a finding made sense, Judge Torres concluded, only if the magistrate judge had read the second amended complaint as setting forth a new theory for relief. ___ We agree. Wojnar ignores the magistrate judge's emphasis on the fact that Wojnar waited to file the motion to amend until the close of discovery. The magistrate judge relied on this "undue delay" to find that Dr. Bauermeister would have been prejudiced if Wojnar were allowed to file amended pleadings with "more substantial or different claims." Given the equivocal language in the magistrate judge's order, we cannot say that Judge Torres' reading of it was an abuse of discretion. See Independent Oil & Chem. ___ ________________________ Workers v. Procter & Gamble Mfg. Co., 864 F.2d 927, 929 (1st _______ __________________________ Cir. 1988) (abuse of discretion occurs when the district court "makes a serious mistake" in evaluating the factors relative to a decision). Wojnar further argues that Judge Torres ignored the magistrate judge's recommendation, made in the same order, that Dr. Bauermeister's Rule 12(b)(6) motion to dismiss the -3- amended complaint be denied. Wojnar avers that the magistrate judge based this suggestion on the view that Wojnar's supplemental answers to Dr. Bauermeister's interrogatories put the latter on notice that the amended complaint stated a claim for malpractice. Wojnar misconstrues this ruling. It appears that the magistrate judge was addressing a different motion, one based on the allegation that Wojnar had failed to file sufficiently detailed answers to Dr. Bauermeister's interrogatories. Dr. Bauermeister filed this motion under Fed. R. Civ. P. 37(b)(2)(C), not Rule 12(b)(6). The magistrate judge determined that Wojnar's supplemental answers (filed after the Rule 37 motion) "provide[d] substantially more detail" than the original answers and that a dismissal under Rule 37 was not warranted. He did not, as Wojnar avers, make any finding concerning the sufficiency of ___ these answers as they related to a claim for negligence. Wojnar makes a similar argument in regard to the order's denial of Dr. Bauermeister's motion for a protective order. Dr. Bauermeister had requested that the date for his responses to Wojnar's interrogatories be postponed until after Wojnar filed a complaint adequately setting forth the nature of Wojnar's claims against him. The magistrate judge stated that in recommending the denial of the Rule 12(b)(6) motion to dismiss, "I have in essence stated my opinion that -4- the amended complaint adequately gives fair notice of the claim against defendant." Again, there is nothing in this language to suggest that the magistrate judge was addressing the question whether the amended complaint gave fair notice to Dr. Bauermeister of the medical malpractice claim. ___________________ In any event, we agree with Judge Torres that the amended complaint did not include a tort claim for malpractice. As he pointed out, the first paragraph of this complaint states that damages were being sought pursuant to 42 U.S.C. 1983 for, among other acts, the "denial of adequate medical care." That Wojnar intended to base this claim on the United States Constitution is further evidenced by his reference to the Eighth Amendment in the same sentence. Even more probative, we think, is the concluding sentence of this paragraph. In it, Wojnar states that he "also seeks . . . damages for the common law torts of false arrest, unlawful imprisonment [and] assault and battery . . . under pendent jurisdiction." Significantly absent from this list is a claim for the tort of malpractice. 2. Wojnar next points to a statement by the magistrate judge at voir dire. In describing the case to the potential jurors, the magistrate judge (who impanelled the jury) stated that it was a "medical malpractice case." Wojnar argues that this statement indicates the magistrate -5- judge's unswerving belief that the amended complaint stated a claim for negligence. However, counsel for Dr. Bauermeister objected when the magistrate judge made this observation. After being informed by counsel of his intent to file the motion in limine, the magistrate judge clarified that the case involved "medical malpractice and/or complete indifference." At most, this shows that the magistrate judge believed that the amended complaint was ambiguous. 3. Finally, Wojnar asserts that Dr. Bauermeister was on notice as early as March 4, 1994 that Wojnar was claiming medical malpractice. As evidence for this argument, Wojnar points to an interrogatory propounded by Dr. Bauermeister on this date. In it, Dr. Bauermeister asked that Wojnar specify the "negligent" acts committed by Dr. Bauermeister or his agents. Wojnar also avers that Dr. Bauermeister admitted, in the motion in limine, that he had become apprised of the negligence claim on July 25 (the date Wojnar filed his supplemental answers to Dr. Bauermeister's interrogatories and 10 days after Wojnar filed the motion to _____ amend). We reject these arguments. As Judge Torres stated, the fact that one party propounds interrogatories "fairly within the ambit of the complaint" cannot add to the complaint claims not otherwise asserted in it. We agree with -6- Judge Torres' observation that to so hold would constitute a trap for the thorough. Further, a party can hardly be said to acquiesce in the assertion of new claims by filing a motion in opposition to them. This view would render useless motions such as the one filed here, as well as motions to dismiss, and would provide no recourse to parties harmed by the tardy assertion of new claims or defenses. For the reasons stated above, Judge Torres did not abuse his discretion in granting Dr. Bauermeister's motion in limine. See Knowlton v. Deseret Medical, Inc., 930 F.2d 116, ___ ________ _____________________ 124 (1st Cir. 1991) (standard of review for decision to exclude evidence is abuse of discretion). We therefore affirm the judgment of the district ______ court. See Local Rule 27.1. ___ -7-